UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY SPRIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-451-JED-FHM |
| ) | |
| THE PHOENIX INSURANCE ) | |
| COMPANY d/b/a TRAVELERS ) | |
| INSURANCE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff's *Motion to Compel* [Dkt. 20] is before the court for decision. Defendant has filed a response [Dkt. 21] and Plaintiff has filed a reply [Dkt. 22]. Plaintiff's motion seeks an order compelling Defendant to fully respond to Interrogatories 10 and 21, and Request for Production 11 and 21.

### Interrogatory No. 10:

Describe in detail Defendant's procedure for training its claims agents in handling Oklahoma UIM claims. If Defendant utilizes instructional manuals or other education material in this process, identify all such material, give a brief description of each document and attach all documents hereto.

### Answer to Interrogatory No. 10:

Objection, contains multiple subparts, vague and ambiguous as to "procedure for training its claims agents", not limited in time and scope. Without waiving said objection, (12) Stephanie Peel is licensed by the State of Oklahoma and must complete continuing education requirements, as well as on the job training.

1

The court finds that Defendant's answer is not responsive. Defendant's response should describe what training Defendant gives its agents in handling Oklahoma UIM claims and a description of any materials used in the training process. Defendant's response may be limited to the training current during the time Plaintiff's claim was pending. Defendant is not required to produce documents in response to this interrogatory.

Plaintiff's *Motion to Compel* is granted as to Interrogatory 10 as set forth herein.

### Interrogatory No. 21:

Identify the number of policies you sold in the last five years that provided UIM coverage applicable in the State of Oklahoma.

### Answer to Interrogatory No. 21:

(26) Objection, irrelevant and not reasonably calculated to lead to discovery of admissible evidence, unduly burdensome, overbroad.

Plaintiff contends the information is relevant to Plaintiff's claim for punitive damages. The court is not persuaded that the number of policies is relevant to the determination of punitive damages.

Plaintiff's *Motion to Compel* is denied as to Interrogatory 21.

### Request for Production No. 11:

Please produce copies of the entire personnel files of each claim-handler, adjuster, team leader, supervisor, manager, claims officer, underwriter, actuary or other employee or agent of Defendant Travelers who was responsible for determining, taking action upon, or supervising decisions as to whether UIM benefits, and/or bodily injury liability benefits should be paid, and if so, what amount should be paid, to Plaintiff.

**Response to Request No. 11:**

> Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome, seeks documents containing sensitive personal and confidential information relating to Defendant's agents, servants and/or employees, the provision of which would impermissibly invade the privacy rights of such agents, servants and/or employees; and further not restricted to the time period of the claim at issue in this case.

During the parties' discovery conference, Plaintiff limited the request to three of Defendant's employees who participated in handling Plaintiff's claim. Plaintiff further limited the request to documents relating to the employees' qualifications, training, evaluations and write-ups, or other disciplinary information. Defendant primarily responds that the information is not relevant and invades the privacy of non-parties.

The court finds the requested documents are relevant for discovery purposes.[1] See *Waters v. Continental General Insurance Company,* 2008 WL 2510039 (N.D. Okla.). Although the employees are not parties, they participated in this claim as Defendant's agents.

Plaintiff's *Motion to Compel* is granted as to Request for Production 11 but is limited to documents which pertain to the employees background, qualifications, training, and job performance.

---

[1] Finding the employees' background, qualifications, training, and job performance are relevant for discovery purposes strikes a balance between Plaintiff's need for information about the people who participated in handling and deciding his claim and the need to protect the non-party employee from the revelation of highly private matters which may be documented in a personnel file, but which are not related to their job performance pertaining to the instant case. If such private information exists within the categories of discoverable information the court has identified, that specific information may be addressed in a motion for protective order.

**Request for Production No. 21:**

Please produce all documents produced or obtained by you within the last five (5) years, including but not limited to legal opinions relied upon, which relate to whether, in Oklahoma, a Defendant first party insurance carrier may withhold undisputed portions of UIM benefits from an insured policyholder because another UIM policy possibly provides coverage to said insured under the claim presented to you.

**Response to Request No. 21:**

Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome, as worded calls for information protected by the attorney-client privilege and work product doctrine, and invades the privacy rights of individuals not a party to this litigation.

Plaintiff contends this request calls for documents relied upon by Defendant's agents/employees handling Oklahoma UIM claims that relate to priority of payment between UIM policies. But the request as written is much broader. While documents relied upon by Defendant's agents in handling Plaintiff's claim would certainly be relevant, the request is not limited to such documents.

Plaintiff's *Motion to Compel* is denied as to Request for Production 21.

## Conclusion

Plaintiff's *Motion to Compel* [Dkt. 20] is GRANTED in part and DENIED in part as set forth herein.

IT IS SO ORDERED this 11th day of February, 2014.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4