# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

LARRY SPRIGGS, )
)
        Plaintiff, )
)
v. ) Case No. 13-CV-451-JED-FHM
)
THE PHOENIX INSURANCE )
COMPANY d/b/a TRAVELERS )
INSURANCE, )
)
        Defendant. )

## OPINION AND ORDER

Plaintiff's Motion for Protective Order, [Dkt. #39], is before the court for decision. Defendant responded to the motion through its response to Plaintiff's Motion to Strike Scheduling Order and Stay Discovery. [Dkt. #41]. A hearing was held on June 4, 2014.

Plaintiff seeks a Protective Order to prevent the continuation of Plaintiff's deposition until the court rules on Plaintiff's Motion to Stay Discovery, and alternatively, if Plaintiff's deposition is ordered to go forward Plaintiff seeks an order precluding Defendant from inquiring into the settlement of an unrelated lawsuit.

Plaintiff has affirmatively engaged in discovery in this case. Therefore, the court hereby denies Plaintiff's request for a Protective Order to prevent the continuation of Plaintiff's deposition. Defendant is permitted to complete Plaintiff's deposition at a mutually convenient time.

Plaintiff also requests a Protective Order to prevent Defendant from inquiring into the settlement of an unrelated lawsuit. That lawsuit was pending in another court and was settled pursuant to a Confidential Settlement Agreement between the parties. There is no indication that the settlement resulted from a court ordered settlement process, or that the

court specifically held that the settlement was confidential. As a result, the Settlement Agreement is not protected from discovery by a court order. And, Plaintiff does not asset that it is privileged.

Plaintiff argues the court should respect the parties' agreement that the settlement be kept confidential and the settlement is not relevant to this case. There is a strong public policy to encourage settlement which the court may consider when addressing the relevance of the information to the case before the court.[1] According to Defendant, the settlement is relevant to show that the settlement provided Plaintiff with sufficient funds to pay for his medical care which counters Plaintiff's claim of financial hardship resulting from Defendant's alleged delay in payment. At the hearing Plaintiff represented that he will not contend that he was unable to pay for his medical care after he received the settlement. In light of Plaintiff's position, the court finds that there is no need for Defendant to obtain the settlement information. However, Plaintiff's attorneys are ordered to have the settlement information readily available at trial for disclosure to Defendant should Plaintiff assert a contrary position.

Plaintiff's Motion for Protective Order, [Dkt. #39], is GRANTED in part and DENIED in part.

SO ORDERED this 6th day of June, 2014.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] The court has considered the cases cited by Defendant at the hearing and finds that they are factually distinguishable from the present case. In one case the settlement was a central issue as the damages were in part based on the amount of the settlement, *Trinity Mortgage Co., Inc. v. Dryer*, 2010 WL 2365525 (N.D. Okla.), and in the other case the settlement was with one of the Defendants in the case who would be a witness in the case and the settlement may have been relevant for impeachment for bias or interest, *Transportation Alliance Bank v. Arrow Trucking, Co.*, 2011 WL 4964034 (N.D. Okla.).