## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

LARRY SPRIGGS, )
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　) Case No. 13-CV-451-JED-FHM
v. )
　　　　　　　　　　　　　　　　)
THE PHOENIX INSURANCE )
COMPANY, d/b/a TRAVELERS )
INSURANCE, )
　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

## OPINION AND ORDER

**I.　　Background**

Plaintiff, Larry Spriggs, alleges that he was injured in a motor vehicle accident on June 2, 2011 as a result of negligence of an uninsured motorist. Plaintiff was an insured under an insurance policy issued by the defendant, The Phoenix Insurance Company, d/b/a Travelers Insurance (Travelers), which included coverage for uninsured / underinsured motorist (UM) benefits. Plaintiff notified Travelers of his claim under the UM policy in November, 2011. According to plaintiff, Travelers unreasonably questioned whether plaintiff needed medical treatment, including surgery, thereby causing delay in payment of the UM policy benefits. In his Petition, plaintiff specifically alleges that Travelers ultimately tendered the UM policy benefits (Doc. 2-2 at ¶ 25), but that it did so late, in breach of its obligations under the contract and in breach of its duty to deal with its insured in good faith (*id.* at 4-5). Plaintiff's Petition seeks damages in excess of $10,000.00. (*Id.* at 7).

Travelers removed this action, asserting diversity jurisdiction, based on its allegations that (1) complete diversity exists between the parties and (2) it is possible that the amount in controversy will exceed $75,000. (*See* Doc. 2 at 2; Doc. 15 at 5). There is no dispute that the

parties are diverse, as plaintiff is a citizen of Oklahoma, and the defendant is a Connecticut corporation with its principal place of business in Connecticut. In order to establish the requisite amount in controversy for diversity jurisdiction, Travelers asserts that, even though Travelers has paid the $100,000 UM policy limit, the full policy amount of $100,000 is still in controversy simply because plaintiff's Petition includes a breach of contract claim. (Doc. 2 at 2). In support, Travelers cites the Petition and attaches a letter from Travelers' counsel to plaintiff's counsel, purporting to confirm that, even though the policy limits had been paid, plaintiff still "wishes to maintain an action relating to those benefits." (Doc. 2-3).

Plaintiff moves to remand, asserting that neither the Petition nor Travelers' Notice of Removal establishes the requisite amount in controversy, because plaintiff's Petition alleges only that he seeks in excess of $10,000 and also specifically acknowledges that he has received payment of the $100,000 UM policy limits. Travelers responded, asserting that "[b]ecause Plaintiff intends to maintain a breach of contract action for Defendant's alleged failure to pay the $100,000 UM/UIM policy limits under an insurance contract with Plaintiff, these jurisdictional facts make it possible that more than the requisite $75,000 is in play." (Doc. 15 at 5).

**II. Discussion**

A case shall be remanded to state court if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Defendant removed this action on the basis of diversity jurisdiction. Diversity jurisdiction requires diversity of citizenship and an amount in controversy exceeding $75,000 (exclusive of interest and costs). 28 U.S.C. § 1332(a). In order to effect proper removal based upon diversity jurisdiction, "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871,

2

873 (10th Cir. 1995). In addition, the Tenth Circuit has provided guidance to district courts regarding the analysis to be undertaken in determining the amount in controversy:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "*underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]."

*Id.* (emphasis in original) (citations omitted). Where the face of the initial pleading does not affirmatively establish the requisite amount in controversy, *Laughlin* requires that the removing defendant set forth in the notice of removal the facts supporting defendant's allegation of the requisite amount in controversy. *See id.*

In *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit clarified the standards applicable to the defendant's burden of showing the requisite amount in controversy to support removal. The court there noted the inequity of permitting plaintiffs to obtain federal jurisdiction on a simple allegation of a dollar amount, while requiring that defendants meet a higher burden to prove the amount in controversy. *Id.* at 953-54. The court accordingly concluded that the defendant has the burden of establishing the jurisdictional *facts* by a preponderance of the evidence, rather than proving jurisdiction itself by a preponderance of the evidence: "It is only the jurisdictional facts that must be proven by a preponderance of the evidence – not the legal conclusion that the statutory threshold amount is in controversy." *Id.* at 955. Thus, a removing defendant must "prove those jurisdictional facts by a preponderance of the evidence," and once it does so, the defendant is entitled to stay in federal court unless it is "legally certain" that the recovery will be less than the jurisdictional amount in controversy. *Id.* (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Stated another way, "the defendant must affirmatively establish jurisdiction by proving jurisdictional

3

*facts* that made it possible that [in excess of] $75,000 was in play." *Id.*; *see also id.* ("we now consider whether [defendant] has proven the facts necessary to supports [sic] its assertion that this case may involve more than $75,000.")

"Still, in the absence of an explicit demand for more than $75,000, the defendants must show how much is in controversy through other means." *Id.* These means may include reliance on an estimate of the potential damages from the allegations in the plaintiff's pleading, a proposed settlement amount, discussions between counsel, discovery responses obtained in state court before removal was filed, a contract the value of which is in controversy, or other evidence, such as "affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* at 955-56 (quoting *Meridian*, 441 F.3d at 541-42).

After the courts' decisions in *McPhail* and *Meridian*, the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA) amended 28 U.S.C. § 1446(c)(2) to expressly govern the burden of proof in the removal context. The statute now provides:

> (2) If removal of a civil action is sought on the basis of [diversity] jurisdiction . . ., the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks-- (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) *removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).*

28 U.S.C. § 1446(c)(2) (emphasis added). Because the Oklahoma practice authorizes the recovery of damages in excess of the amount demanded and requires pleading of non-specific

damages amounts, removal of this action hinges on a finding by this Court, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See id.* § 1446(c)(2)(B).[1]

As noted, as the sole basis for removal, Travelers relies upon the UM policy limits of $100,000 and the plaintiff's inclusion of a breach of contract action and related allegation that Travelers "wholly refused or neglected to pay Plaintiff the value of his damages." (Doc. 2 at ¶ 5 (quoting Doc. 2-2 at ¶ 33)). It is clear from the Petition that plaintiff does *not* allege that he is still owed the $100,000 in UM policy benefits, as the Petition specifically asserts that, after plaintiff saw the physician designated by Travelers, "Travelers finally tendered the UIM benefits Plaintiff had been due for so long." (Doc. 2-2 at ¶ 25). It also appears clear from the factual allegations of the Petition that plaintiff principally complains of the *delay* in tendering the $100,000 UM policy limits, as well as the alleged conduct of Travelers agents in delaying payment based upon disputing plaintiff's treating physician's findings and upon an adjuster's inquiries or demands that plaintiff pursue his damages in workers compensation court or under his private health insurance. (*See id.* at ¶¶ 11-27). Those allegations generally complain of conduct by Travelers in breach of its obligations as plaintiff's UM insurer, but they do *not*

---

[1] The Tenth Circuit has "recognize[d] that the JVCA may modify [the] procedure" identified in *McPhail*. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245-46 (10th Cir. 2012). However, the Congressional Committee Report recommending passage of the JVCA noted that the "new preponderance standard . . . would follow the lead of recent cases" and cited *McPhail* as one of those two "recent cases." H.R. REP. 112-10, 16, 2011 U.S.C.C.A.N. 576, 580. Consistent with *McPhail*, the Committee noted that "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met," but may instead "allege or assert that the jurisdictional threshold has been met," and "[i]f the defendant establishes by a preponderance of the evidence that the amount exceeds $75,000, the defendant, as [the] proponent of Federal jurisdiction, will have met the burden of establishing jurisdictional facts." *Id.* "The removal will succeed if the district court finds by a preponderance of the evidence that the amount in controversy exceeds the amount specified in 28 U.S.C. S 1332(a), presently $75,000." *Id.* Any modification of the analysis in *McPhail* appears to have been minimal, and this Court will thus apply the statute and *McPhail*.

5

amount to a contract claim for the entire $100,000, which plaintiff expressly averred had already been paid. (*See id.* at ¶ 25).[2] Travelers has not provided any other facts in its Notice or response that would provide an estimate, or any means upon which to determine by a preponderance of the evidence that the amount in controversy exceeds $75,000 on plaintiff's claim for breach of contract. *See* 28 U.S.C. § 1446(c)(2). In addition, while it appears from other filings relating to discovery and scheduling that the parties have engaged in some discovery while the remand motion has been pending in this Court, Travelers has not requested to supplement or amend its removal notice to provide any additional jurisdictional facts pointing to the possibility of an amount in controversy exceeding $75,000.

Under Oklahoma law, an insurer has an implied-in-law duty to act in good faith and deal fairly with its insured to ensure that the policy benefits are received, and a violation of that duty gives rise to an action sounding in tort, notwithstanding that it may also constitute a breach of contract. *Bannister v. State Farm Mut. Auto Ins. Co.*, 692 F.3d 1117, 1123 n.8 (10th Cir. 2012); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005); *Christian v. American Home Assur. Co.*, 577 P.2d 899, 901-05 (Okla. 1978). An unwarranted *delay in payment* of benefits may support such a tort claim. *See Christian*, 577 P.2d at 904-05. The tort bad faith claim may include recovery of consequential and punitive damages, where appropriate. *Id.* at 904. Travelers' Notice of Removal is limited to the breach of contract claim and does not reference or purport to estimate any tort damages that may be in controversy. The Court therefore has

---

[2] In the absence of bad faith, courts applying Oklahoma law have generally held that damages for breach of a UM insurance contract are limited to the policy limits. *See Carney v. State Farm Mut. Auto. Ins. Co.,* 877 P2d 1113, 1118-19 (Okla. 1994); *Christian*, 577 P.2d at 903-05. It is unknown from the Petition what contract damages are sought for breach of contract, but it is clear that plaintiff does not and cannot seek to recover as contract damages the $100,000 that plaintiff acknowledges has already been paid under the policy. Accordingly, despite Travelers' reliance upon the $100,000 policy limits as establishing the amount in controversy, it is clear to the Court that such amount is *not* in controversy on the breach of contract claim.

nothing upon which to find, by a preponderance of the evidence, that the amount in controversy on the bad faith breach claim is in excess of $75,000. *See* 28 U.S.C. § 1446(c)(2).

**III. Conclusion**

Because Travelers has not provided jurisdictional facts showing the requisite amount in controversy and the Court does not find, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000, the plaintiff's Motion to Remand (Doc. 14) is **granted**. *See* 28 U.S.C. § 1446(c)(2); *McPhail*, 529 F.3d at 955.

Because this case has been pending for some time before the Court's ruling on the Motion to Remand, both parties have sought some form of relief from discovery and scheduling issues, and all scheduling and discovery issues will now be handled by the State Court pursuant to its docket, the Court **strikes** the Scheduling Order (Doc. 26) previously entered by this Court. For the same reasons, and as a result of the remand, the Court finds that the following motions are **moot**: Plaintiff's Motion to Strike Scheduling Order and Stay Discovery Pending Ruling on Plaintiff's Motion to Remand (Doc. 37); Plaintiff's Objection to Judge McCarthy's discovery Order (Doc. 48); Defendant's Motion to Extend Dispositive Motion Deadline (Doc. 50); and Plaintiff's Motion to Quash (Doc. 51). The parties should inform the receiving court of any further need for determination of any motions that were pending before this Court.

The Court hereby **directs** the Court Clerk to **remand** this action to the Tulsa County District Court.

SO ORDERED this 27th day of June, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE